STATE ex ESSINGER v HOLZEMER et
STATE ex STEWART v HOLZEMER et
STATE ex DACO INVESTMENT CO v
  HOLZEMER et
STATE ex MONCROFT REALTY CO v
  HOLZEMER et

Ohio Appeals, 6th Dist, Lucas Co

Decided Dec 7, 1936

Marshall, Melhorn & Marlor, Toledo, for relators Essinger, Stewart and The Daco Investment Company.

Louis R. Young, Toledo, for relator, The Moncroft Realty Company.

Frazier Reams, Prosecuting Attorney, Toledo, W. V. Cruey, Toledo, and A. M. Brunskill, Toledo, for defendants.

OPINION

By CARPENTER, J.

These are original actions in mandamus in this court. The facts in all four cases are presented in an agreed statement of facts.

The relators are owners of certain real estate in Lucas County. The defendant, Grant F. Northrup, was the county treasurer of that county up to September 5, 1933, when he was succeeded by the defendant, Daniel P. Holzemer, who has continued in that office to the present time. Defendant Hale T. Shenefield is now the county auditor. At the times hereinafter mentioned, one Clarence Fraim was a duly appointed and qualified deputy county treasurer of that county, appointed by both defendants Northrup and Holzemer, but as such deputy he was not designated as a cashier to receive payment of taxes in the treasurer's office. Other deputies were so designated, and were provided with cages in which to perform those duties.

August 30, 1933, an agent for relator, Ruthjayne G. Essinger, in the office of the county treasurer, gave to Fraim $77.27 to pay taxes on a parcel of real estate owned by her and she received the official receipt of the treasurer Northrup, stamped as paid by the then cashier, but no part of the payment was ever credited on the books of the treasurer or on the duplicate for that year which he returned to the county auditor.

The other three relators, by their agents, made payments of real estate taxes in a similar way, which were not credited in full or returned on the duplicate as fully paid. They were at the times and in the amounts as follows: Anna C. Stewart, December 6, 1933, $162.98 paid; $112.98 credited; The Daco Investment Company, successor in title to Lamar, Inc., March 30, 1934, $1202.29 paid; $1002.29 credited; The Moncroft Realty Company, October 6, 1934, $739.27 paid; $539.27 credited.

Official receipts stamped "paid" by the then cashier were received for each of these payments, and are in evidence and attached to the agreed statement of facts. The portions of the taxes so paid and not credited stand as tax liens on the respective properties of the relators.

The prayer of each petition is that the defendants county treasurer Holzemer and county auditor Shenefield, be required to correct the county tax records so that the proper credits due to relators for the payments above described will appear as paid and their properties relieved of the liens now appearing on the records.

The claim of the relators is that the county treasurer is liable for the official acts of his deputies. §2637, GC, is as follows:

"Each county treasurer may appoint one or more deputies, and he shall be liable and accountable for their proceedings and misconduct in office."

Sec 2, GC, requires that every elected and appointed officer "and each deputy or clerk of such officer, shall take an oath of office before entering upon the discharge of his duties."

Sec 9, GC, is as follows:
"A deputy, when duly qualified, may perform all and singular the duties of his principal. A deputy or clerk, appointed in pursuance of law, shall hold the appointment only during the pleasure of the officer appointing him. The principal may take from his deputy or clerk a bond, with sureties, conditioned for the faithful performance of the duties of the appointment. In all cases the principal shall be answerable for the neglect or misconduct in office of his deputy or clerk."

"Duly qualified" as here used means that he has taken the oath required in §2, GC. From these sections it clearly appears to be the policy of the state of Ohio to give a deputy treasurer full authority to perform all the duties of the treasurer, which include receiving money in payment of taxes and, to the public, the treasurer is liable for the faithful performance of that duty by his deputies. In other words, the treasurer is the insurer of the good conduct of his deputies. This is a salutary policy, for it would be a hardship on the public in transacting business in a public office, were it required at its peril to be assured any deputy with whom such business was done had authority to do it. In the next to last sentence of §9, GC, the treasurer is authorized to protect himself from any misconduct of his deputies by taking bonds from them. If he chooses not to do this, he assumes all the risk of defaults on their part.

On authority of these specific statutes, the relators are entitled to a peremptory writ to require the treasurer and auditor to correct their records, to show proper credit for the taxes paid by them. Defendants correctly contend that the relators had the burden of proof on these issues, but when they presented the official receipts of the treasurer, they made a prima facie case, which was not overcome by the evidence.

The relators also ask that they may be awarded damages under authority of §12296, GC. The only damage they claim to have sustained is their expense for attorney fees in bringing and prosecuting these actions. The record of facts as presented to the court is insufficient to support such award, and without deciding whether attorney fees come within the damages authorized by that section, this claim is rejected except as to the court costs herein.

Writ allowed.

TAYLOR and LLOYD, JJ, concur.